

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS SAVAGE, et al.,<br><br>Defendants. | CV 09–160–M–DWM<br><br>ORDER |

Plaintiff Alliance for the Wild Rockies ("Alliance") moves for an injunction pending appeal of the Court's order approving the Miller West Fisher Project ("Miller Project") on the Kootenai National Forest. (Doc. 121.) Defendants United States Forest Service, United States Fish and Wildlife Service, and their official representatives (collectively "the agencies") oppose the motion, (Doc. 123), and move to strike extra-record exhibits on which Alliance relies, (Doc. 124). Alliance's motion for an injunction pending appeal is denied. The agencies' motion to strike is denied as moot.

## BACKGROUND

This action commenced in 2009 when Alliance alleged the Miller Project violated the Endangered Species Act ("ESA"), the National Forest Management Act ("NFMA"), and the National Environmental Policy Act ("NEPA"). (Docs. 1,

1

8.) On June 29, 2010, the Court granted summary judgment for Alliance on five claims applicable to the Miller Project. (Doc. 44 at 68–69.) The Miller Project was enjoined and the matter was remanded to the agencies to address the deficiencies in the project. (*Id.* at 69.) After extensive analysis on remand, including a Final Supplemental Environmental Impact Statement and new Record of Decision, the agencies moved to dissolve the injunction. (Doc. 112.) The Court granted the motion, allowing the Miller Project to proceed. (Doc. 118.) Alliance appealed. (Doc. 119.) Alliance now asks this Court to enjoin the Miller Project again pending the appeal. (Doc. 121.) In support of its motion, Alliance submitted two reports by the Fish and Wildlife Service regarding grizzly bear monitoring in the Cabinet-Yaak Recovery Area that are not part of the Administrative Record in this case. (*See* Docs. 122-3, 122-5.) The agencies have moved to strike these exhibits. (Doc. 124.)

## ANALYSIS

### I. Motion for Injunction Pending Appeal

A motion for an injunction pending appeal is considered under the same standard as a motion for a preliminary injunction. *See Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). Generally, a party seeking an injunction must show (1) a likelihood of success on the merits, (2) it is likely to suffer irreparable harm, (3) the balance of equities favors an injunction, and (4) an

injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). However, in ESA cases, "the equities and public interest factors always tip in favor of the protected species." *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1091 (9th Cir. 2015). A party seeking an injunction must make an initial showing on all four *Winter* factors; the factors are then assessed on a sliding scale. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). For example, when the "balance of hardships tips sharply in the plaintiff's favor," an injunction may issue on a showing of only "serious questions going to the merits," and not the stricter showing of "likelihood of success on the merits." *Id.* at 1135.

Here, Alliance has not made even the lesser showing of serious questions going to the merits. Its sole argument is that the June 29, 2010 Order—which ultimately enjoined the Miller Project—referred to a ruling for the agencies on one of the ESA claims as a "close call." (Doc. 44 at 46.) Specifically, the Court upheld the agencies' determination that road building activities were not likely to adversely affect grizzly bears, but recognized it was a close question. (*Id.*) However, the operative order, and the one from which Alliance appeals, is the November 15, 2018 Order lifting the injunction against the Miller Project. (Doc. 118.) That Order considered the changes to road building standards since the "close call" ruling, including that in 2011 the Forest Service adopted the Forest

3

Plan Amendments for Motorized Access Management within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones to govern motorized vehicle access to grizzly bear habitat in the Kootenai National Forest. (Doc. 118 at 6 (citing AR 11-65).) The Access Amendments were incorporated into the Kootenai Forest Plan, AR 10-4:19, with which the Miller Project complies, (Doc. 118 at 12). Alliance does not raise any questions, never mind serious questions, on the merits of the November 15, 2018 Order. Accordingly, an injunction is not warranted even assuming Alliance has made the requisite showing on the other *Winter* factors.

## II. Motion to Strike

Subject to exceptions not relevant here, judicial review of agency action under the Administrative Procedure Act is limited to the administrative record at the time the agency made its decision. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014). "Parties may not use post-decision information as a new rationalization either for sustaining or attacking the [a]gency's decision." *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (internal quotation marks omitted).

Here, the agencies argue Exhibits 3 and 5, (Docs. 122-3, 122-5), submitted in support of Alliance's motion for an injunction pending appeal, should be stricken as improper extra-record material. The exhibits are annual reports by the Fish and Wildlife Service regarding grizzly bear monitoring in the Cabinet-Yaak

4

Recovery Area. Exhibit 3 presents data collected in 2017. (Doc. 122-3 at 2–3.) Exhibit 5 presents data collected in early 2018. (Doc. 122-5 at 2.) Alliance argues the reports show the grizzly bear population in the Cabinet-Yaak region is failing to meet target recovery rates, and thus the equities tip sharply in favor of an injunction pending appeal. The agencies argue this is a backdoor challenge to their determinations based on post-decision information. The Ninth Circuit has not addressed whether a court's inquiry into an injunction pending appeal of a decision reviewing agency action is confined to the administrative record like the initial decision is. However, because the Court has not considered Alliance's equities argument in deciding the injunction pending appeal, the motion to strike is moot.

## Conclusion

IT IS ORDERED that Alliance's Motion for Injunction Pending Appeal (Doc. 121) is DENIED.

IT IS FURTHER ORDERED that the agencies' Motion to Strike (Doc. 124) is DENIED as MOOT.

DATED this 17th day of May, 2019.

09:04 A.M.

Donald W. Molloy, District Judge
United States District Court

5