IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD BENSON,[1] et al.,<br><br>Defendants. | CV 09–160–M–DWM<br><br>ORDER |

In November 2018, this Court lifted the injunction against the Miller West Fisher Project, reasoning in part that the Project's compliance with the Access Amendments' incidental take statement remedied the Endangered Species Act ("ESA") violations. (Doc. 118 at 5–7, 8–11.) While the decision to lift the injunction was pending on appeal, this Court decided *Alliance for the Wild Rockies v. Probert*, 412 F. Supp. 3d 1188 (D. Mont. 2019), ordering the Forest Service to reinitiate consultation on the Access Amendments under the ESA to take into account ineffective road closures in the Bears Outside Recovery Zone ("BORZ") areas. In light of *Probert*, the Ninth Circuit remanded this case for reconsideration of whether the Miller Project complies with the ESA in the Cabinet Face BORZ

---

[1] Chad Benson is automatically substituted as a defendant. Fed. R. Civ. P. 25(d).

1

area. (Docs. 131, 132.) On remand, Plaintiff Alliance for the Wild Rockies seeks an order enjoining the Miller Project in the Cabinet Face BORZ area and requiring the Forest Service to reinitiate consultation on the Project. (Doc. 133.) For the following reasons, Alliance's motion is denied.

## ANALYSIS

The issue on remand is whether the Miller Project complies with the ESA in the Cabinet Face BORZ area. (Doc. 131 at 3.) In dissolving the injunction, this Court reasoned that the Project would comply with the ESA as long as it satisfied the conditions of the Access Amendments' incidental take statement, including that there would be no permanent increases in open and total road miles in the BORZ areas. (Doc. 118 at 6–7, 10–11.) At the time, there was no dispute that the conditions were met. (*Id.* at 6.) However, *Probert* determined that the incidental take statement's baseline road mileages were being regularly exceeded in the Cabinet Face BORZ area, resulting in unpermitted incidental take. 412 F. Supp. 3d at 1203–04. Because the Miller Project is tiered to the Access Amendments, based on *Probert*'s findings, it violates the ESA in the Cabinet Face BORZ area.

Alliance argues that the injunction against the Miller Project should be reimposed in the Cabinet Face BORZ area. But after *Probert*, the Forest Service halted work there. (Benson Decl., Doc. 143-1 at ¶¶ 7, 14, 15.) As long as no work is planned for the Cabinet Face BORZ area, Alliance cannot show a likelihood of

area. (Docs. 131, 132.) On remand, Plaintiff Alliance for the Wild Rockies seeks an order enjoining the Miller Project in the Cabinet Face BORZ area and requiring the Forest Service to reinitiate consultation on the Project. (Doc. 133.) For the following reasons, Alliance's motion is denied.

## ANALYSIS

The issue on remand is whether the Miller Project complies with the ESA in the Cabinet Face BORZ area. (Doc. 131 at 3.) In dissolving the injunction, this Court reasoned that the Project would comply with the ESA as long as it satisfied the conditions of the Access Amendments' incidental take statement, including that there would be no permanent increases in open and total road miles in the BORZ areas. (Doc. 118 at 6–7, 10–11.) At the time, there was no dispute that the conditions were met. (*Id.* at 6.) However, *Probert* determined that the incidental take statement's baseline road mileages were being regularly exceeded in the Cabinet Face BORZ area, resulting in unpermitted incidental take. 412 F. Supp. 3d at 1203–04. Because the Miller Project is tiered to the Access Amendments, based on *Probert*'s findings, it violates the ESA in the Cabinet Face BORZ area.

Alliance argues that the injunction against the Miller Project should be reimposed in the Cabinet Face BORZ area. But after *Probert*, the Forest Service halted work there. (Benson Decl., Doc. 143-1 at ¶¶ 7, 14, 15.) As long as no work is planned for the Cabinet Face BORZ area, Alliance cannot show a likelihood of

irreparable harm and is therefore not entitled to an injunction. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (outlining four-factor test for injunctive relief). Alliance argues that the Forest Service's voluntary cessation of activities does not bar its requested relief. But the voluntary cessation doctrine applies to mootness of claims, not injunctions. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

Alliance also argues that the Forest Service should reinitiate consultation on the Miller Project. *Probert* ordered reinitiation on the Pilgrim Project because, like the Miller Project, it was tiered to the Access Amendments. 412 F. Supp. 3d at 1206. But this case's procedural posture distinguishes it from *Probert*. *Probert* was a summary judgment decision in a case that simultaneously challenged the Pilgrim Project and the Access Amendments under the ESA's consultation provisions. This case is on remand from the decision to lift the injunction against the Miller Project. By arguing for reinitiation of consultation on the Miller Project, Alliance is attempting to litigate a new ESA claim that was not and could not have been brought previously, given this case pre-dates the Access Amendments. To be sure, Alliance could have raised the issues with the Access Amendments' incidental take statement that were ultimately litigated in *Probert* in response to the Forest Service's motion to dissolve the injunction. Indeed, *Probert* was then pending with Alliance as the plaintiff represented by the same counsel as in this

3

case. Instead, Alliance conceded that the incidental take statement's conditions were met. (Doc. 118 at 6.) The limited remand does not allow Alliance to bring a new claim based on *Probert* now.

In any event, unlike when *Probert* was decided, reinitiation of consultation on the Access Amendments is already underway. In the meantime, the Miller Project's tiered work has been put on hold. Ordering reinitiation of consultation on the Miller Project now would interfere with the Forest Service's options for how best to proceed in light of *Probert*. If ESA compliance becomes an issue going forward, Alliance may file a new action.

## CONCLUSION

IT IS ORDERED that Alliance's motion for reconsideration (Doc. 133) is DENIED.

DATED this 13th day of March, 2020.

11:45 A.M.

Donald W. Molloy, District Judge
United States District Court

4